**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **WHITNEY NICOLE W.,** | ) | |
| | ) | **No. 22 C 1827** |
| **Plaintiff,** | ) | |
| | ) | **Magistrate Judge M. David Weisman** |
| **v.** | ) | |
| | ) | |
| **KILOLO KIJAKAZI, Acting** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Whitney Nicole W. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court affirms the Acting Commissioner's decision.

### Background

On February 5, 2020 and July 3, 2020, respectively, plaintiff filed an application for disability insurance benefits and supplemental security income, which were denied initially, on reconsideration, and after a hearing. (R. 13-25, 60-133.) The Appeals Council declined review (R. 1-3), making the ALJ's decision the final decision of the Acting Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting

*Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since April 6, 2020, the alleged onset date. (R. 16.) At step two, the ALJ found that plaintiff has the severe impairments of obesity, osteoarthritis, carpal tunnel syndrome, fibromyalgia, and thyroid gland disorder. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. (R. 18.) At step four, the ALJ found that plaintiff cannot perform her past relevant work but has the RFC to perform light work with certain exceptions. (R. 19-23.) At step five, the ALJ found

that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 23-25.)

Plaintiff argues that the ALJ erred in his assessment of the opinion of the psychological consultative examiner, Dr. Levitan. The ALJ endorsed Dr. Levitan's opinion that plaintiff "was capable of work involving simple routine tasks." (R. 23.) The ALJ said this opinion was "persuasive" because "it is supported by a thorough examination and is consistent with the evidence as a whole that reflects relatively limited mental health treatment and normal psychiatric examinations at medical visits." (*Id.*) However, Dr. Levitan also said plaintiff "would have both physical and emotional problems handling mild to moderate work pressure and stress" (R. 405), an opinion plaintiff says the ALJ did not address. In fact, Dr. Levitan's statement that plaintiff is unable to handle work stress is the explanation for his opinion that plaintiff can do routine work, not a separate opinion, *i.e.*, plaintiff is limited to routine work because she cannot handle stress. (*See id.*) Thus, the ALJ's failure to address Dr. Levitan's work stress statement is not error.

Plaintiff further contends that the ALJ erred in concluding that plaintiff's abdominal pain, chronic diarrhea, and bloody stools are not caused by a medically determinable impairment. *See* 20 C.F.R. § 404.1529(b) ("Your symptoms . . . will not be found to affect your ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present."). Plaintiff says diarrhea can be a symptom of fibromyalgia, and "the ALJ overlooked fibromyalgia as a cause of her diarrhea and gastrointestinal difficulties." (ECF 14 at 7.) What is missing from plaintiff's argument, however, is a citation to evidence showing that fibromyalgia is, in fact, the cause of plaintiff's gastrointestinal problems. Absent such

3

evidence, the ALJ did not err in failing to consider whether these problems are caused by fibromyalgia.

Next, plaintiff challenges the ALJ's subjective symptom evaluation. She says the ALJ impermissibly disregarded her symptom allegations because they were not substantiated by objective medical evidence. An ALJ may not disregard a claimant's symptom allegations "*solely* because the objective medical evidence does not substantiate the[m]," but she must consider whether the allegations are "consistent with the medical signs and laboratory findings of record." SSR 16-3P, 2017 WL 5180304, at *5 (Oct. 25, 2017) (emphasis added). Here, the ALJ compared the objective findings in plaintiff's medical records to her subjective allegations, but he also considered plaintiff's daily activities, the extent to which she sought treatment, and the "generally unremarkable" findings from her consultative physical exam. (*See* R. 20-22.) Because the ALJ did not base his symptom evaluation solely on "the lack of physical exams supporting [plaintiff's] loss of functioning" (ECF 14 at 9), his consideration of that fact does not warrant a remand.

Plaintiff also says the ALJ erroneously stated that no doctor opined that plaintiff has greater limitations than those assessed in the RFC. In fact, plaintiff asserts, the RFC does not account for Dr. Levitan's opinion that plaintiff would have problems tolerating mild to moderate work stress or the "off-work" notations in plaintiff's medical records. As discussed above, the RFC accommodates Dr. Levitan's opinion by limiting plaintiff to routine work. Moreover, the "off-work" notations in plaintiff's medical records are just that, notes that plaintiff missed work because of illness on various dates. They do not contain any opinions about plaintiff's limitations. (*See* R. 510-12.) Thus, the ALJ did not err when he said there were no medical opinions assessing greater limitations than those in the RFC.

4

Next, plaintiff argues that the ALJ improperly relied on her daily activities to dismiss her symptom allegations, given her hearing testimony that she relies heavily on her husband and parents to care for her children and perform household activities. (*See* R. 49.) But, as the ALJ noted, the function report plaintiff submitted with her application says that she takes care of her daughter, makes simple meals, does certain household chores, and attends to her personal care, assertions that are inconsistent with the symptom severity plaintiff alleges. (R. 22, 248-49.)

Plaintiff further argues that the ALJ failed to consider in the symptom evaluation the side effects plaintiff experiences from her medication. *See* SSR 16-3P, 2017 WL 5180304, at *8 (stating that the ALJ should consider medication side effects in evaluating a claimant's symptoms). Plaintiff says her medications cause her to be drowsy and foggy. (R. 254.) But she does not explain whether or how these side effects impact her symptoms. Absent that explanation, the ALJ's failure to consider medication side effects in the symptom evaluation is not error.

Plaintiff also faults the ALJ for considering that plaintiff worked after her surgeries for carpal tunnel syndrome and knee pain without assessing whether those conditions worsened post-surgery. Because plaintiff does not cite to any evidence of deterioration that the ALJ failed to consider, there is no error.

Finally, plaintiff says the ALJ wrongly considered the infrequency of her trips to the doctor for her allegedly disabling symptoms without exploring plaintiff's reasons for not seeking additional care, specifically, that plaintiff was just following doctor's orders. (ECF 14 at 13.) Once again, however, plaintiff does not cite to any evidence, including her own testimony, to support that assertion. The ALJ cannot be faulted for failing to consider reasons for the infrequency of plaintiff's medical treatment that plaintiff did not offer.

**Conclusion**

For the reasons set forth above, the Court affirms the Acting Commissioner's decision, grants the Acting Commissioner's motion for summary judgment [17], denies plaintiff's motion for summary judgment [14], and terminates this case.

**SO ORDERED.**                    **ENTERED:  February 24, 2023**


**M. David Weisman**
**United States Magistrate Judge**